Sacks v Rentacrate Enters., LLC (2025 NY Slip Op 02738)

Sacks v Rentacrate Enters., LLC

2025 NY Slip Op 02738

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Moulton, González, Pitt-Burke, Higgitt, JJ. 

Index No. 153631/23|Appeal No. 4306|Case No. 2024-00727|

[*1]Jay Sacks, Plaintiff-Respondent,
v
Rentacrate Enterprises, LLC, et al., Defendants-Appellants.

Kahana & Feld LLP, New York (John F. Watkins of counsel), for appellants.
Ajlouny Injury Law, Garden City (Michael Levitz of counsel), for respondent.

Order, Supreme Court, New York County (James G. Clynes, J.), entered January 18, 2024, which granted plaintiff's motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment by submitting his affidavit averring that defendant driver was continuing to back up his truck when it was not safe to do so, and then struck plaintiff, whom he knew was standing behind and to the side of the truck while guiding it into the loading dock (see Salodkaya v City of New York, 193 AD3d 604, 604 [1st Dept 2021]; Plaut v Allright Parking Mgt., Inc., 18 AD3d 396, 397 [1st Dept 2005]). Plaintiff demonstrated that defendant driver was negligent as a matter of law in backing up his truck into plaintiff without taking adequate precautions (see Rodriguez v City of New York, 161 AD3d 575, 576-577 [1st Dept 2018]; Vehicle and Traffic Law § 1211[a]).
In opposition, defendants failed to offer a nonnegligent explanation for the accident (see Rodriguez, 161 AD3d at 577). Instead, defendants submitted surveillance video of the accident, which confirmed plaintiff's account by showing that, as plaintiff was guiding the truck into the loading dock, defendant driver turned and reversed the truck into plaintiff, pinning him against a parked van. Defendants also submitted an affidavit of defendant driver, who failed to provide a nonnegligent reason for the accident.
Contrary to defendants' assertion, plaintiff's motion was not premature since defendants would have knowledge of any nonnegligent explanation for the collision based on defendant driver's direct involvement (see Santana at 560). Defendants failed to demonstrate that further discovery might lead to relevant evidence or that any facts essential to justify opposition to the motion were exclusively within the knowledge and control of plaintiff (id.). Furthermore, given that the video captures the entire incident, defendants failed to show how depositions could raise a credibility issue for trial (see Batista v Metropolitan Transp. Auth., 210 AD3d 487, 487 [1st Dept 2022]).
We have considered defendants' remaining contentions and finding them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025